UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY NOELLE WOOD,

      Plaintiff,

v.                                                                CASE NO. 8:24-cv-1194-SDM-UAM

JONATHAN ROBERT HAWKIN, *et al.*,

      Defendants.
_____/

**ORDER**

      Wood's complaint alleges that the defendants violated her civil rights during state criminal proceedings.  Wood paid the full $405 filing fee.  Even though Wood is not proceeding *in forma pauperis*, the Prisoner Litigation Reform Act ("PLRA") requires a district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.  Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Wood must file an amended complaint.

Although certainly not clear, Wood alleges that her rights were and are being violated by the procedures used during her pending criminal prosecution and her transfer to (and treatment in) the Florida State Hospital in Chattahoochee. Wood seeks federal intervention into a pending state criminal proceeding. Because a federal court should almost always abstain from intrusion in a state proceeding, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Wood presents no compelling reason, or even a facially sufficient reason, to intervene in the state court proceeding. Moreover, Wood names as defendants many state court judges, prosecutors, defense attorneys, doctors at the Florida State Hospital, and entities not subject to suit.

**Entities Not Subject to Suit:**

Wood lists as defendants the Pinellas County jail, the Florida State Hospital, the Sixth Judicial Circuit, and the Pinellas County Sheriff's Office. As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[*] explains, a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> capacity to be sued. Thus, the district court did not err by
> dismissing Faulkner's claim against MCSO because MCSO is not
> a legal entity with the capacity to be sued under Florida law. *See
> Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct.
> App. 1995) (noting that the municipality, not the police
> department, had the power to sue and be sued under Florida law).

The lack of legal status precluding suit applies equally to the county jail, the hospital, and the state court.

## Judicial and Prosecutorial Immunity:

Wood cannot pursue a claim against a state court judge, who is entitled to absolute immunity from suit in a civil rights action for an act that is within the scope of judicial authority. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 355 (1871); *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719 (1980); *Jones v. Cannon*, 174 F.3d 1271, 1281–82 (11th Cir. 1999). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). *See also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'") (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Applying *Sibley* and affirming the *sua sponte* dismissal of a *pro se* complaint against a judge, *Austin v. Judge*, 851 F. App'x 173, 174 (11th Cir. 2021), states that "[a] judge acts in his or her judicial capacity by performing normal judicial functions, in chambers or open court, in cases pending before the judge."

Wood cannot pursue a claim against a state court prosecutor, who is entitled to immunity from suit in a civil rights action for an act that is within the scope of prosecutorial authority. Wood's allegations against the prosecutors show that each acted in the capacity of a prosecutor. Prosecutorial immunity precludes Wood's recovering either compensatory or punitive damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'") (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Additionally, Wood cannot use this civil rights action to disbar the prosecutors.

**Defense Attorneys:**

Wood's complaint fails to state a claim against her defense attorneys (or their law firms) because the complaint must allege facts showing that counsel acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). The complaint fails to state a claim against the defense attorneys because no defense counsel — whether publicly provided or privately retained — acts under color of law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding*." Polk County v. Dobson*, 454 U.S. 312, 325 (1981). Wood's allegations are based on his counsels' actions while

"performing a lawyer's traditional functions" as described in *Dobson*.  Therefore,

Wood's defense attorneys were not acting under color of state law and are not liable

under Section 1983.  *See also Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) ("State

public defenders do not act under color of state law, even when appointed by officers of

the courts.  *Wahl v. McIver*, 773 F .2d 1169, 1173 (11th Cir. 1985)").

The Fourteenth Amendment offers no protection against private conduct, no

matter how wrongful, outrageous, or discriminatory.  *Jackson v. Metro. Edison Co.*,

419 U.S. 345, 349 (1974).  "As a matter of substantive constitutional law the state-

action requirement reflects judicial recognition of the fact that 'most rights secured by

the Constitution are protected only against infringement by governments.'"  *Lugar v.

Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (*quoting Flagg Brothers Inc. v. Brooks*,

436 U.S. 149, 156 (1978)).

**Venue:**

Wood names as defendants several doctors at the Florida State Hospital, which

is in Gadsden County and within the jurisdiction of the Tallahassee Division of the

United States District Court for the Northern District of Florida.  Wood must file in

that court her civil rights action against the named doctors.

**Amended Complaint:**

Although whether Wood has a claim that she may pursue in this action is

certainly unclear, Wood may file an amended complaint, which must be complete

because an amended complaint supersedes the original complaint and, as a

consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."). *See also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint. Because she must amend her action, the pending motions (Docs. 4 and 6) to add additional defendants and to include exhibits are denied.

Also, Wood is advised that, if she fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**.  The failure to timely file an amended complaint will result in the dismissal of this action without further notice.  The motions (Docs. 4 and 6) to add additional defendants and to include exhibits are **DENIED WITHOUT PREJUDICE**.  The clerk must send to Wood the required civil rights complaint form.

### A CAUTION TO MS. WOOD

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint.  Therefore, Wood is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on August 30, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 7 -